**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

VICTORIA L. PETERSON                                                                                   PLAINTIFF
ADC #707743

v.                                           1:11-cv-00116-JMM-JJV

W. BLAIR, Correctional Officer,
McPherson Unit, Arkansas
Department of Correction; *et al.*                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

While incarcerated in the McPherson Unit of the Arkansas Department of Correction, Plaintiff, Victoria Peterson, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging Defendants violated her constitutional rights. (Doc. No. 2.) Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 29.) After careful review, the Court finds that the Motion to Dismiss (Doc. No. 29) should be GRANTED and Plaintiff's Complaint (Doc. No. 2) should be DISMISSED for failure to state a claim on which relief may be granted.

## I.  STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While specific facts are not necessary, a pleading that offers only "labels and conclusions" or "a formulaic recitations of the elements of a cause of action will not do." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In order to meet the Rule 8(a) standard and survive a motion to dismiss under Rule

12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Bell Atlantic*, 550 U. S. at 570); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 129 S. Ct. at 1949 (quoting *Bell Atlantic*, 550 U.S. at 556); *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft*, 129 S. Ct. at 1949 (quoting *Bell Atlantic*, 550 U. S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 570).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson*, 551 U.S. at 93-94; *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The Court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.

*Braden*, 588 F.3d at 594. In addition to the complaint, the Court may consider matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## II.   ANALYSIS

### A.   Monetary Relief

In her Complaint, Plaintiff seeks "an injunction to return to general population, all disciplinaries expunged from my institutional record, my Class II back, all rights and privileges restored, punitive and compensatory damages, and any other relief the court may find I am entitled to." (Doc. No. 2, p. 21). Defendants argue that her claims for monetary damages must be dismissed. In support, Defendants point out that the Complaint is silent as to whether Plaintiff is suing the Defendants in their official or individual capacities. When a plaintiff's complaint is silent as to the capacity in which the plaintiff is suing the defendant, the Court interprets the complaint as only including official capacity claims. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

Defendants are employees of the State of Arkansas. A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the state. *See Printz v. U.S.*, 521 U.S. 898, 930 (1997); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars suits against states for monetary damages. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Dakota, Minnesota & Eastern R.R. Corp. v. S. D.*, 362 F.3d 512, 516 (8th Cir. 2004); *Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Section 1983 does not override Eleventh Amendment immunity. *Hadley*, 76 F.3d at 1438. The Eleventh Amendment has, thus, been construed to also prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity. *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). Plaintiff's

4

claims for compensatory and punitive damages from the Defendants in their official capacities are barred by the doctrine of sovereign immunity and should, therefore, be dismissed. The doctrine of sovereign immunity, however, does not bar Plaintiff's claims against the Defendants in their official capacities for injunctive relief.

### B.  Injunctive Relief

The Defendants also argue that because Plaintiff has been released from prison, her requests for an injunction ordering her return to general population, the expungement of all disciplinaries from her institutional record, the reinstatement of her Class II status, and the restoration of all rights and privileges are moot.[1] They direct the Court's attention to three Orders mailed to Plaintiff by the Clerk of the Court, which were subsequently returned as undeliverable. (Doc. Nos. 16, 17, 27). Each bears a stamp from the ADC indicating that Plaintiff has been released on parole. (*Id.*)

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). A federal court does not have the power "to decide question that cannot affect the rights of litigants in the case before them," and is confined to "resolving real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*; *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser*, 422 U.S. at 402.

A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

---

[1] The Court notes that, although there is case-law and statutory law addressing the issue of mootness, Defendants failed to provide any citation to authority in support of this argument.

Mootness deprives the Court of the power to act. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). Plaintiff's release from prison renders moot her requests for an injunction ordering her return to general population, the expungement of all disciplinaries from her institutional record, the reinstatement of her Class II status, and the restoration of all rights and privileges. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991).

### C. *Heck v. Humphrey*

Furthermore, even if Plaintiff's requests for injunctive relief were not rendered moot by her release from prison, her Complaint would still be subject to dismissal. Defendants are correct in their assertion that to the extent Plaintiff seeks to have her disciplinaries overturned, her Complaint is subject to dismissal due to her failure to first pursue an action for state or federal habeas relief.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87; *see Edwards v. Balisok*, 520 U.S. 641, 643 (1997). The Court's holding in *Heck* has been applied to prison administrative rulings, including rulings in disciplinary proceedings that affect the length of a prisoner's sentence. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Conversely, *Heck* does not apply when a prisoner challenges a disciplinary ruling that has no affect on the length of the prisoner's sentence. *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002); *Sheldon*, 83 F.3d at 234.

Under *Heck*, if an inmate's success on a § 1983 claim will imply that the results of the disciplinary proceeding lengthening the inmate's sentence are invalid, the inmate's § 1983 claim will arise only after a state or federal habeas court finds the disciplinary invalid. *Sheldon*, 83 F. 3d at 234. When confronted with the question of whether success on the merits will render a disciplinary invalid, the Court disregards the form of relief sought and instead looks to the essence of the plaintiff's claims. *Id.* If success on the merits of a particular § 1983 claim will imply the invalidity of a disciplinary, then *Heck* requires a favorable termination of the action in an authorized state tribunal or a federal habeas court. *Id.* Here, a ruling in Plaintiff's favor on her § 1983 claims would imply that her disciplinaries were invalid. Therefore, prior to bringing forth her § 1983 claims, she must first have them declared invalid by a state or federal habeas court.

### III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion to Dismiss (Doc. No. 29) should be GRANTED and Plaintiff's Complaint (Doc. No. 2) should be DISMISSED for failure to state a claim on which relief may be granted.

2.    Dismissal of Plaintiff's Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.    The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

---

[2]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).

*pauperis* appeal from an order adopting these recommendations, and the accompanying judgment, would not be taken in good faith.

DATED this 27th day of September, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE